UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

BURTON D. WOODS,                         )
                                         )
              Petitioner,                )
                                         )
       v.                                )        No.  4:84CV783 TIA
                                         )
JEFF NORMAN,[1]                          )
                                         )
              Respondent.                )

## MEMORANDUM AND ORDER

This cause is before the Court on Missouri state prisoner Burton D. Woods' Motion for Relief

from Final Judgment pursuant to Rule 60(b) (filed January 4, 2013/Docket No. 2).  The parties

consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

Petitioner is challenging the constitutionality of his 1980 capital murder conviction in the

Circuit Court of St. Louis County, Missouri.  The Court's records show that on April 4, 1984,

Petitioner brought a § 2254 petition for a writ of habeas corpus challenging the same conviction and

that the action was denied on the merits.  See Woods v. Armontrout, No. 84-783C(1) (E.D. Mo).

The United States Court of Appeals for the Eighth Circuit affirmed the decision on March 20, 1986.

Woods v. Armontrout, 787 F.2d 310 (8th Cir. 1986), cert. denied, 479 U.S. 1036 (1987).  On

December 17, 1991, Petitioner filed a second § 2254 habeas petition, which was dismissed on August

23, 1994, with prejudice as an abuse of the writ.  See Woods v. Groose, No. 91-CV-2529-CEJ (E.D.

Mo.).  Moreover, on September 6, 2012, Petitioner filed a third § 2254 habeas petition, which was

---

[1]Petitioner is presently incarcerated at the Jefferson City Correctional Center ("JCCC") in
Jefferson City, Missouri.  Inasmuch as Jeff Norman is superintendent of JCCC and thus is
Petitioner's custodian, he should be substituted for Bill Armontrout as proper party respondent.
Rule 2(a), Rules Governing Section 2254 Cases in United States District Courts.

transferred on November 5, 2012 to the United States Court of Appeals for the Eighth Circuit pursuant to 28 U.S.C. § 1631.  On April 5, 2013, the Eighth Circuit Court of Appeals denied Petitioner's Petition for Permission to File Successive Habeas Petition.  See Woods v. Norman, No. 12-3673.

Federal Rules of Civil Procedure 60(b) allows a party to seek relief from a district court's final judgment or order for a limited number of reasons: (1) mistake, (2) newly discovered evidence,  (3) fraud, (4) void judgment, (5) satisfied, discharged or released judgment, or  (6) any other reason that justifies relief.  Fed.R.Civ.P. 60(b).   Gonzalez v. Crosby, 545 U.S. 524, 532 (2005).

Although labeled as a motion for relief under Rule 60(b), applications by prisoners that assert a federal basis for relief from a state court judgment of conviction under § 2244(b) must comply with the second or successive restrictions on post-conviction proceedings. See Gonzalez, 545 U.S. at 530. In Gonzalez, the Supreme Court explained that a true Rule 60(b) motion does not attack "the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." Id. at 532, 538; see also Ward v. Norris, 577 F.3d 925 (8th Cir. 2009).  If a Rule 60(b) motion's factual predicate deals primarily with the constitutionality of the underlying conviction, it should be construed as a second or successive habeas petition.  See  Peach v. United States, 468 F.3d 1269, 1272 (10th Cir. 2006); Brian R. Means, Federal Habeas Manual § 11:42 (2012).  Inasmuch as the factual predicate of the instant motion deals with the validity of Woods' state conviction, the motion will be construed as a successive petition for writ of habeas corpus.

To the extent that Petitioner seeks to relitigate his claims raised in his earlier petitions, those claims must be denied pursuant to 28 U.S.C. § 2241(b)(1).  Further, to the extent the instant motion

seeks to bring a new claim of actual innocence as a basis for habeas relief, Petitioner must obtain leave from the Eighth Circuit Court of Appeals before he can bring those claims in this Court.  28 U.S.C. § 2244(b)(3)(A).  A review of the record shows Petitioner has not sought nor been granted leave to file a successive habeas petition in this Court.  Therefore, the instant motion must be denied.

Under 28 U.S.C. § 2253, an appeal may not be taken to the court of appeals from the final order in a 28 U.S.C. § 2254 proceeding unless a circuit judge or judge issues a Certificate of Appealability.  28 U.S.C. § 2253(c)(1)(A).  To grant such a certificate, the justice or judge must find a substantial showing of the denial of a federal constitutional right.  Id. § 2253(c)(2); see Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997).  A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings.  Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997).  The undersigned finds that reasonable jurists could not differ on any of Petitioner's claims, so the Court will deny a Certificate of Appealability on all claims.  Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that no order to show cause shall issue as to Respondent, because the instant motion to vacate is successive under 28 U.S.C. § 2244(b)(3).

**IT IS FURTHER ORDERED** that Burton D. Woods' Motion for Relief from Final Judgment pursuant to Rule 60(b) (filed January 4, 2013/Docket No. 2) is DENIED.

Dated this   28th    day of May, 2013.

　　　　　　　　　　　　　　　 /s/ Terry I. Adelman
　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE