UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| BURTON D. WOODS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:84CV783 TIA |
| | ) | |
| JEFF NORMAN,[1] | ) | |
| | ) | |
| Respondent. | ) | |

### MEMORANDUM AND ORDER

This cause is before the Court on Missouri state prisoner Burton D. Woods' Motion for Reconsideration and to Alter or Amend Pursuant to Rule 59(e) (filed June 19, 2013/Docket No. 8). The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

In 1980, a jury in the Circuit Court of St. Louis County, Missouri, found Petitioner guilty of capital murder. He was sentenced to life imprisonment without the possibility of parole or probation for fifty years. On direct appeal to the Supreme Court of Missouri, Petitioner raised the following arguments: (1) the trial court erred in excusing for cause certain members of the venire, and in not excusing others for cause; (2) the trial court failed to subpoena or to order a body attachment to compel a witness to attend the trial; (3) the trial court denied defendant's motion for funds to employ expert witnesses; and (4) the trial court failed to suppress defendant's confession at trial. The Missouri Supreme Court then transferred the cause to the Missouri Court of Appeals. On November 8, 1983, the Missouri Court of Appeals affirmed Petitioner's conviction and sentence. State of

---

[1]Petitioner is presently incarcerated at the Jefferson City Correctional Center ("JCCC") in Jefferson City, Missouri. Inasmuch as Jeff Norman is superintendent of JCCC and thus is Petitioner's custodian, he should be substituted for Bill Armontrout as proper party respondent. Rule 2(a), Rules Governing Section 2254 Cases in United States District Courts.

Missouri v. Woods, 662 S.W.2d 527 (Mo. Ct. App. 1983). On December 13, 1983, Petitioner's Motion for Rehearing and/or Transfer to the Missouri Supreme Court was denied.

On April 4, 1984, Petitioner brought a § 2254 petition for a writ of habeas corpus asserting the following grounds for relief: (1) he was denied his right to appeal because the Missouri Court of Appeals, the court of review which affirmed his conviction and sentence, did not have jurisdiction over the case; and (2) Petitioner's confession was improperly admitted inasmuch as it was given in exchange for a promise of hospitalization and an assurance that he would not be charged with capital murder, but rather a reduced charge. This Court denied the petition on the merits on July 31, 1984. See Woods v. Armontrout, No. 84-783C(1) (E.D. Mo). This Court found in relevant part as follows:

> the Supreme Court of Missouri determined, as a matter of state law, that the Missouri Court of Appeals was the proper forum for petitioner's direct appeal. This determination is controlling on this court. ... The constitutional propriety of this determination must be upheld, unless the state appellate review system results in distinctions which violate due process or equal protection rights. ... A federal court will not disturb a state court's refusal to hear an appeal based upon an appellate review system which does not violate due process or equal protection rights. ... The decision as to which court would hear petitioner's direct appeal is not an issue involving a violation of federal constitutional rights. Since petitioner has not alleged "that he has been treated differently than any other [similarly situated] appellant [e.g., whose life imprisonment appeal was pending on December 2, 1982] .... [t]he procedure ... provides for at least one appeal as a matter of right and this satisfies the requirements of due process." ... It is undisputed that petitioner received direct appellate review and that no constitutional issue is otherwise implicated.

Id. at July 10, 1984 Report and Recommendation. In the Order and Memorandum adopting the Report and Recommendation, Judge Nangle found that Petitioner's appeal was heard by the Missouri Court of Appeals and that the Missouri Supreme Court has held in State v. Martin, 644 S.W.2d 359, 360 (Mo. banc 1983) that jurisdiction was properly vested in the Missouri Court of Appeals. Judge Nangle concluded that Petitioner was not deprived of due process or his right of appeal. Id. at July

31, 1984 Order and Memorandum. The United States Court of Appeals for the Eighth Circuit affirmed the decision on March 20, 1986. Woods v. Armontrout, 787 F.2d 310 (8th Cir. 1986), cert. denied, 479 U.S. 1036 (1987). On December 17, 1991, Petitioner filed a second § 2254 habeas petition, raising two grounds, neither of which were asserted in his prior petition, and this petition was dismissed on August 23, 1994, with prejudice as an abuse of the writ. See Woods v. Groose, No. 91-CV-2529-CEJ (E.D. Mo.). On October 3, 1994, the Eighth Circuit construed his notice of appeal as an application for certificate of probable cause and denied the same. Woods v. Groose, 94-3327EMSL. Moreover, on September 6, 2012, Petitioner filed a third § 2254 habeas petition raising the same ground for relief as the instant petition, which was transferred on November 5, 2012 to the United States Court of Appeals for the Eighth Circuit pursuant to 28 U.S.C. § 1631. On April 5, 2013, the Eighth Circuit Court of Appeals denied Petitioner's Petition for Permission to File Successive Habeas Petition. See Woods v. Norman, No. 12-3673.

In the instant petition, Petitioner asserts one ground for relief, that he was denied the right of appeal inasmuch as the Missouri Court of Appeals lacked subject matter jurisdiction to hear the appeal because it should have been heard by the Missouri Supreme Court. This is the same claim previously considered and rejected in the first habeas petition filed with this Court in 1984. The instant motion is an attempt to file a successive habeas petition. To the extent that Petitioner seeks to relitigate his claims raised in his earlier petition, those claims must be denied pursuant to 28 U.S.C. § 2241(b)(1). Accordingly, the Court will deny as an attempt to avoid the requirement that he obtain permission from the Court of Appeals to file a successive petition.

A court may grant relief under Rule 60(b)(6) for "any other reason that justifies relief" when a motion is made "within a reasonable time." Fed. R. Civ. P. 60(b)(6). What constitutes "a

reasonable time"depends on the circumstances. Middleton v. McDonald, 388 F.3d 614, 617 (8th Cir. 2004). Here, Petitioner alleges no circumstances justifying a delay before moving to reopen his case. Even if the instant motion is construed as an attempt to reopen the case, the motion was not filed in a reasonable time. His motion is silent as to why it took him so long to seek Rule 60(b) relief after this Court denied his habeas petition in 1984. Because Petitioner advances no arguments demonstrating that his Rule 60(b) motion was filed within a reasonable time, it will be denied as untimely filed.

To the extent the motion asserts new grounds for relief, it shall be treated as a successive petition and be denied inasmuch as Petitioner has not obtained certification to file a successive motion from the Eight Circuit. 28 U.S.C. § 2244(b)(3)(A). A review of the record shows Petitioner has not sought nor been granted leave to file a successive habeas petition in this Court. Therefore, the instant motion must be denied.

Under 28 U.S.C. § 2253, an appeal may not be taken to the court of appeals from the final order in a 28 U.S.C. § 2254 proceeding unless a circuit judge or judge issues a Certificate of Appealability. 28 U.S.C. § 2253(c)(1)(A). To grant such a certificate, the justice or judge must find a substantial showing of the denial of a federal constitutional right. Id. § 2253(c)(2); see Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997). The undersigned finds that reasonable jurists could not differ on any of Petitioner's claims, so the Court will deny a Certificate of Appealability on all claims. Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that Burton D. Woods' Motion for Reconsideration and to Alter or Amend Pursuant to Rule 59(e) (filed June 19, 2013/Docket No. 8) is DISMISSED for lack of jurisdiction as a second or successive habeas petition.

Dated this  19th  day of March, 2014.

                                                     /s/ Terry I. Adelman
                                                UNITED STATES MAGISTRATE JUDGE